FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB 27 A 11: 04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAMEION TIMIAH SPEARS,

   Petitioner,

v.           CIVIL ACTION NO.: CV612-108

WILLIAM C. DANFORTH,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dameion Spears ("Spears"), who is currently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Emanuel County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Spears was convicted, after a jury trial, of murder on April 11, 2006. (Doc. No. 9-2, pp. 86-87). Spears was sentenced to life imprisonment. His counsel filed a motion for a new trial on May 2, 2006, which was denied on September 4, 2008. (Doc. No. 9-2, pp. 88, 95-96). Spears' notice of appeal was filed in the Georgia Supreme Court on September 5, 2008. (Doc. No. 9-2, pp. 98, 101). On January 12, 2009, the Georgia court affirmed the trial court's judgment. (Doc. No. 9-2, pp. 99-103).

Spears filed a petition for writ of habeas corpus in the Telfair County Superior Court on May 27, 2008, which later was stayed due to the pendency of Spears' appeal. (Doc. No. 9-9, p. 2). Spears asserted that his trial counsel was ineffective by failing to: investigate and present evidence of actual innocence, raise any defenses, and argue "errors in process." (Id.). Spears also asserted that the State did not disclose evidence favorable to his defense and presented false or perjured testimony. Spears also asserted that a juror was biased because he did not listen to the evidence and testimony to determine whether there were any inconsistencies. Spears' petition was denied by order dated January 19, 2011, filed on January 25, 2011. (Doc. No. 9-9, p. 8). Spears filed a motion to withdraw his application on June 11, 2011, and his application was dismissed on January 9, 2012. (Doc. No. 9-10).[1]

In this petition, which was filed on November 19, 2012, Spears contends that his conviction was obtained in violation of his privilege against self-incrimination and as a result of an unlawful arrest. Spears also contends that his trial counsel was ineffective.[2] Respondent contends Spears' petition should be dismissed as being untimely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

---

[1] http://www.gasupreme.us/docket_search/results_one_record.php?caseNumber=S11H0304.

[2] Spears previously filed a § 2254 petition in Case Number CV609-12. That petition was dismissed because Spears failed to exhaust his available remedies before filing his petition in this Court. (CV609-12, Doc. Nos. 19, 21).

AO 72A
(Rev. 8/82)

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Spears' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Spears was sentenced in the Emanuel County Superior Court on April 11, 2006. Spears filed a direct appeal. The Georgia Supreme Court affirmed Spears' conviction and sentence on January 12, 2009. Spears had ten (10) days to file a motion for reconsideration, which he did not do. GA. SUPR. CT. R. 13(4), 27. Thus, Spears' conviction became final on or about January 22, 2009. Spears had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

However, the applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008) (emphasis supplied). "[A]n application is pending as long as the ordinary state collateral review process is in continuance- i.e.,

3

until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Spears' conviction became final on January 22, 2009, yet he filed his application for writ of habeas court in the Telfair County Superior Court on May 27, 2008. The applicable statute of limitations period was tolled while Spears' properly filed state habeas corpus proceedings were completed on January 25, 2011.[3] Spears was informed by this order that, if he wished to appeal the denial of his state habeas corpus petition, he was to file a certificate of probable cause to appeal with the Georgia Supreme Court <u>and</u> a notice of appeal with the Telfair County Superior Court within thirty (30) days of the entry of that order. (Doc. No. 9-9, pp. 7-8) (emphasis supplied). Though Spears filed a certificate of probable cause to appeal with the Georgia Supreme Court, he did not file a notice of appeal with the Telfair County Superior Court by February 24, 2011, as he was advised. O.C.G.A. § 9-14-52(b) (advising an unsuccessful petitioner that he must file an application for certificate of probable cause to appeal with the Supreme Court and a notice of appeal with the appropriate superior

---

[3] The undersigned considers Spears' state habeas petition to be properly filed, even though it was filed prior to the Georgia Supreme Court's decision on Spears' direct appeal. As noted above, the state habeas corpus judge stayed those proceedings while his direct appeal remained pending.

4

court within thirty (30) days from the entry of the order denying him relief). Thus, Spears had nothing which was properly filed, within the meaning of section 2254, which would have tolled the applicable statute of limitations after February 24, 2011. To be considered timely, Spears would have had to have filed this petition on or before February 24, 2012. As Spears did not file this petition until November 19, 2012, his petition was filed too late.

Having determined that statutory tolling is not available to Spears, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Spears has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. In fact, Spears offers no valid explanation for his untimely filing.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Spears' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 27th day of February, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE